IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHY TERRELL,                           *

    PLAINTIFF,                       *
                                         CIVIL ACTION NO. RDB-11-3300
          V.                       *

INJURED WORKERS INSURANCE FUND,          *

    DEFENDANT.                       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Kathy Terrell ("Terrell") brings this action *pro se* against Defendant Injured Workers Insurance Fund ("IWIF"), her former employer, alleging that she was unlawfully discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* Pending before this Court is Terrell's Motion for Leave to Amend the Complaint (ECF No. 14) and IWIF's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (ECF No. 5). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated below, Plaintiff Terrell's Motion for Leave to Amend the Complaint (ECF No. 14) is GRANTED and Defendant IWIF's Motion to Dismiss (ECF No. 5) is DENIED.

## BACKGROUND

The facts are to be viewed in the light most favorable to Terrell as a *pro se* litigant is held to a "less stringent standard" and her pleadings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Plaintiff Kathy Terrell ("Terrell" or "Plaintiff") is an

1

African–American woman, and was fifty-two years old at the time of her termination.  Pl.'s Compl. ¶ 6.  Terrell was employed by the Injured Workers Insurance Fund ("IWIF" or "Defendant") from August 1989 until her termination in February 2010.  *Id.*  During the time at issue in this case, IWIF employed Terrell as a Medical Bill Processor.  *Id.*  Terrell alleges that, between 2006 and 2008, IWIF denied her at least two positions on the basis of her race, and failed to give her the opportunity to apply for at least one position.  *Id.*  Moreover, she alleges that she was not considered for training as a back-up for the positions she was denied.  *Id.*  Terrell also alleges that she was not interviewed for the positions, and summarily passed up for these positions in favor of less experienced, white coworkers.  *Id.*

In 2007 and 2008 Terrell claims she started repeatedly asking her white Supervisor about training as a back-up for the positions and also about her applications submitted for the two positions she had not received.  *Id.*  After the last time she questioned her Supervisor about the positions, her Team Leader told her that she would have to print her reconciliation report daily and turn it in for a weekly production review.  *Id.*  Terrell alleges that her Team Leader told her this action was being taken because she had taken a few days off in early June and that this absence had lowered her productivity.  *Id.*  However, Terrell claims that her productivity had not been low in previous months and was only slightly diminished by her brief absence.  *Id.*

From June 2008 until December 2008, Terrell's weekly production review continued despite her objections that she was being treated unfairly as no one else in the department was being monitored in the same way.  *Id.*  In meetings with her Supervisor and Manager, Terrell was told that her productivity was low in the morning.  *Id.*  Terrell contends that her

Manager used an incorrect report to determine her production. *Id.* On January 15, 2009, Terrell met with the Human Resources Representative to express her concerns about the treatment she received from her Supervisor and Manager. *Id.* On January 23, 2009, Terrell again met with the Human Resources Representative and was told she was being written up for excessive telephone usage during work hours. *Id.* Despite requesting them, she was not given the telephone records to review for over a month. *Id.* Terrell claims that the stress from the alleged targeting and harassment put her in a mental state requiring professional assistance. *Id.* Terrell was put on medical leave in September 2009 and was terminated in February 2010. *Id.*

On January 4, 2010, Terrell filed a Charge of Discrimination against IWIF with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* ¶ 9. On or about August 11, 2011, after rejecting her claim, the Equal Employment Opportunity Commission ("EEOC") mailed Terrell a Dismissal and Notice of Rights Form ("Right-to-Sue Notice"). Def.'s Resp. to Mot. for Leave to Amend Compl., Ex. 1, ECF No. 15-1. Terrell filed her Complaint with this Court on November 17, 2011 stating that she had received the EEOC Right-to-Sue Notice on August 16, 2011. Pl.'s Compl. ¶ 10. IWIF moves to dismiss Terrell's Complaint with prejudice, asserting that the Complaint was untimely filed. Def.'s Mot. to Dismiss, ECF No. 5. On June 1, 2012, Terrell moved this Court for leave to amend her Complaint to reflect that she received the Right-to-Sue Notice on August 19, 2011, not August 16, 2011, thus making the Complaint timely filed. Pl.'s Mot. to Amend, ECF No. 14.

## STANDARD OF REVIEW

A plaintiff may amend his or her complaint once "as a matter of course at any time before a responsive pleading is served" or "by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) requires that leave "shall be freely given when justice so requires." In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court enumerated certain factors to guide federal district courts in making a determination with respect to granting leave to amend a complaint. The Court noted that, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'" *Id.* at 182.

The United States Court of Appeals for the Fourth Circuit has held that Rule 15 "gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The court also held that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* at 427; *see also Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007).

## ANALYSIS

Plaintiff Terrell moves to amend her Complaint to correct the date on which she received the Right-to-Sue Notice from August 16, 2011, as stated in the original Complaint, to August 19, 2011. Pl.'s Mot. to Amend, ECF No. 14. If Terrell received the Right-to-Sue

Notice on August 19, 2011 as amended, her original Complaint would have been filed within the 90-day filing deadline imposed by the EEOC.  *Id.*

This Court will freely grant a motion to amend so long as there is no apparent reason "such as undue delay, bad faith or dilatory motive . . . [or] undue prejudice to the opposing party . . . [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The United States Court of Appeals for the Fourth Circuit has explained that "[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Sciolino v. City of Newport News*, 480 F.3d 642, 651 (4th Cir. 2007) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).  Clearly, the amendment of the date of receipt is not futile as this change makes her original Complaint timely.  *See Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) ("Unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.").

Terrell's motion is also not filed after undue delay.  This Court granted Terrell's Second Motion for Extension of Time, permitting filing of a response to Defendant's Motion to Dismiss by June 1, 2012.  Order Granting Sec. Mot. for Ext. of Time, ECF No. 13.  In accordance with this Order, Terrell filed her Motion for Leave to Amend on June 1, 2012.  Pl.'s Mot. to Amend, ECF No. 14.  As stated in *Laber*, "[d]elay alone . . . is an insufficient reason to deny" a motion to amend.  *Laber*, 438 F.3d at 404; *see also Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("[D]elay must be accompanied by prejudice, bad faith, or futility.").

Defendant Injured Workers Insurance Fund moves to dismiss this case because, according to the original Complaint, Terrell filed this action three days after the 90-day filing deadline.  Def.'s Mem. in Support of Mot. to Dismiss at 2, ECF No. 5-1.  A claimant asserting a cause of action under Title VII must timely file suit within ninety days after receipt of a right-to-sue letter from the EEOC.  *See* 42 U.S.C.A. § 2000e–5(f)(1); *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149–50 (1984) (ruling that a claimant forfeits its right to pursue a claim under Title VII if suit is not brought within ninety days).  The ninety day period is not jurisdictional, but instead is treated as a statute of limitations period.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982).  The United States Court of Appeals for the Fourth Circuit has held that the 90-day filing deadline is to be strictly enforced.  *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (ruling that an action filed ninety-one days after the claimant's wife received the notice was untimely).  Accordingly, this Court has strictly enforced this rule in cases where there is no factual dispute.  *Shelton v. Atlantic Bingo Supply Co.*, 2011 WL 4985277, at *2 (D. Md. Oct. 17, 2011) ("Despite Plaintiff's *pro se* status, the law is clear that the ninety-day filing requirement must be strictly construed in employment discrimination cases."); *Rawlings v. City of Baltimore*, 2011 WL 1375603, at *3 (denying equitable tolling when "it is undisputed that [the plaintiff] had the full 90 days' notice prescribed by the law in which to file his complaint."); *Jarvis v. Chimes, Inc.*, 2008 WL 623402, at *8 (D. Md. Mar. 4, 2008) ("[T]he 90-day statute of limitations begins running on the date the notice is received.)  However, in this case the *pro se* plaintiff seeks to amend her Complaint noting an earlier filing error.

In response to Terrell's Motion to Amend, Defendant IWIF questions the validity of the EEOC envelope she submitted as an exhibit and which displays a postage stamp stating, "MAILED FROM ZIP CODE 21201 AUG 12 2011." Def. Resp. to Mot. to Am. ¶ 4, ECF No. 15. Specifically, Defendant argues that this envelope does not reflect the name of the addressee, nor does it provide anything "to suggest what was in the envelope or to whom the envelope was addressed." *Id.* Additionally, Defendant alleges that Terrell "has a motive to falsify the claimed date of receipt of the EEOC Notice." *Id.* ¶ 6. As determined by the Fourth Circuit the statute of limitations does not begin to run until the "EEOC's decision is received at the employee's residence." *Taylor v. United States Postal Serv.*, 907 F.2d 1140, at *1 (4th Cir. 1990) (unpublished opinion) (citing *Harvey*, 813 F.2d 652 (4th Cir. 1987)); *see Jarvis*, 2008 WL 623402, at *8. The Fourth Circuit has rejected the actual receipt rule, choosing instead a more flexible rule that "requires a case-by-case examination to determine if an equitable tolling of the filing period is appropriate." *Harvey*, 813 F.2d at 654. In an unpublished opinion, however, the Court concluded that the date of receipt is "critical in determining the commencement of the 90-day period." *Nguyen v. Inova Alexandria Hosp.*, 187 F.3d 630, *3 (4th Cir. 1999) (unpublished opinion). The issue in this action is not one of equitable tolling, but rather a question of when the Plaintiff received the Right-to-Sue Notice. Despite the Defendant's Response stating, "[d]elivery can be presumed by Tuesday August 16th," there is no showing by the Defendant that Terrell's amended date is not true or submitted in bad faith.[1]

---

[1] The Defendant IWIF has moved to dismiss the original Complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure, however, its challenge is essentially lack of subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for

Finally, there is nothing to show that allowing Terrell to amend her Complaint would prejudice IWIF. The Defendant will not be prejudiced because it will not have to consider any new legal theories or facts based on the amended Complaint. *See Laber*, 438 F.3d at 428 (finding no prejudice where no significant discovery had been conducted and no argument of prejudice was made by the nonmoving party); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (admitting that a new legal theory presented in an amended complaint shortly before or during trial that required the gathering and analyzing of new facts could be the basis for finding prejudice); *Piper Aircraft Corp.*, 615 F.2d at 613 ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.").

Consequently, Terrell's Motion for Leave to Amend the Complaint does not prejudice IWIF. Moreover, there is no evidence of undue delay, bad faith, or futility. As a result and pursuant to the liberal standard imposed by Rule 15(a), Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 14) is GRANTED.

---

lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). This challenge under rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted). The challenge of the Defendant in this case is essentially factual in that the Defendant moves for this Court to deny the Motion for Leave to File an Amended Complaint in that the *pro se* plaintiff "has a motive to falsify the claimed date of receipt of the EEOC notice. Mot. for Leave to File an Am. Compl. ¶ 6, ECF No. 15. Where the challenge is factual, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "[T]he court may look beyond the pleadings and 'the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003) (citation omitted). In the event of any additional facts the Defendant may raise a jurisdictional challenge at any time in the proceedings. *Sasser v. Administrator, U.S. E.P.A.*, 990 F.2d 127, 129 (4th Cir. 1993) (citing Fed. R. Civ. Pro. 12(h)) ("A motion to dismiss for lack of subject matter jurisdiction may be raised at any time.").

Pursuant to the Amended Complaint, Plaintiff alleges that she received the Right-to-Sue Notice on August 19, 2011.  Therefore, Plaintiff's suit was timely filed.  Thus, the Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) is DENIED.

CONCLUSION

For the reasons stated above, Plaintiffs' Motion to for Leave to Amend the Complaint (ECF No. 14) is GRANTED and Defendants' Motion to Dismiss (ECF No. 5) is DENIED.  A separate Order follows.

Dated:      July 31, 2012

/s/_____
Richard D. Bennett
United States District Judge